IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

HARRY LEE MADDOX,                          )
                     Plaintiff,    )
                                )
v.                                         )       Case No. CIV-07-119-M
                                )
                                )
ALBERT J. HOCH, JR. and RANDY EVERS,       )
                                )
                    Defendants.   )

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Based on an initial review of the Complaint required by 28 U.S.C. § 1915A, it is recommended that this action be dismissed upon filing pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. It is further recommended that the dismissal count as a prior occasion or "strike" pursuant to 28 U.S.C. § 1915(g).

**I.     Background and Claim Presented**

Plaintiff is currently incarcerated in the Oklahoma State Reformatory (OSR) following his conviction on charges of trafficking in illegal drugs. Complaint at 2. Plaintiff identifies the two defendants in this case as his "court appointed" attorneys. Complaint [Doc. #1] at 1, 2. Plaintiff has attached to his Complaint a copy of an order signed by The Honorable David A. Stephens, Special District Judge for the District Court of Caddo County, State of

Oklahoma, appointing the Oklahoma Indigent Defense System and Albert J. Hoch, Jr. as the designee of the Oklahoma Indigent Defense System to represent Plaintiff. *See* Complaint Attachment 2.

Plaintiff states that his court-appointed attorneys were ineffective in assisting him with his defense "under the prevailing professional norms." Complaint at 2. He states that he was prejudiced by the ineffective assistance of counsel in that there is a reasonable probability that the outcome of his criminal case would have been different but for Defendants' "unprofessional conduct." *Id.* Plaintiff further states that he instructed Defendant Evers to "file a motion called fruit of the poisonous tree" which Defendant Evers refused to file. Complaint at 3. Plaintiff seeks a reduction in his twenty-year sentence and one million dollars in damages. Complaint at 5.

## II.    Standard of Review

Section 1915A of Title 28 outlines a screening procedure that applies to all civil complaints filed by prisoners against governmental entities, officers, or employees regardless of whether the prisoner has paid the filing fee. A district court is required to review the complaint "as soon as practicable" *see* 28 U.S.C. § 1915A(a), to determine whether the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" *see* 28 U.S.C. § 1915A(b)(1), or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2). After initial review, a district court is required to dismiss a complaint or any portion of a complaint that fails to meet the screening requirements. 28 U.S.C. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B)(ii) (when plaintiff


Oklahoma, appointing the Oklahoma Indigent Defense System and Albert J. Hoch, Jr. as the designee of the Oklahoma Indigent Defense System to represent Plaintiff. *See* Complaint Attachment 2.

Plaintiff states that his court-appointed attorneys were ineffective in assisting him with his defense "under the prevailing professional norms." Complaint at 2. He states that he was prejudiced by the ineffective assistance of counsel in that there is a reasonable probability that the outcome of his criminal case would have been different but for Defendants' "unprofessional conduct." *Id.* Plaintiff further states that he instructed Defendant Evers to "file a motion called fruit of the poisonous tree" which Defendant Evers refused to file. Complaint at 3. Plaintiff seeks a reduction in his twenty-year sentence and one million dollars in damages. Complaint at 5.

## II.    Standard of Review

Section 1915A of Title 28 outlines a screening procedure that applies to all civil complaints filed by prisoners against governmental entities, officers, or employees regardless of whether the prisoner has paid the filing fee. A district court is required to review the complaint "as soon as practicable" *see* 28 U.S.C. § 1915A(a), to determine whether the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" *see* 28 U.S.C. § 1915A(b)(1), or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2). After initial review, a district court is required to dismiss a complaint or any portion of a complaint that fails to meet the screening requirements. 28 U.S.C. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B)(ii) (when plaintiff

is proceeding *in forma pauperis*, court shall dismiss case at any time if court determines that the action fails to state a claim upon which relief may be granted). Because Plaintiff appears *pro se*, the Court liberally construes Plaintiff's allegations. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) ("[W]e hold [a *pro se* complaint] to less stringent standards than formal pleadings drafted by lawyers.").

### III.   Analysis

In relevant part, 42 U.S.C. § 1983 states:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State* . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ..

42 U.S.C. § 1983 (emphasis added). Plaintiff's sole claim in this action is lodged against his appointed defense attorneys. To state a claim under § 1983, a plaintiff must show that the defendants were acting under color of state law and that his or her constitutional rights were violated. It is well-established that a public defender does not act on behalf of the state when defending a criminal prosecution. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (private attorneys are not state actors under § 1983); *see also Ellibee v. Hazlett*, 122 Fed. Appx. 932, 934 (10th Cir. Dec. 13, 2004) (unpublished op.) ("Neither public defenders performing their 'traditional functions as counsel to a defendant in a criminal proceeding' nor private attorneys act under color of state law.") (*quoting Polk County*, 454 U.S. at 325). Plaintiff has stated no facts suggesting that his court-appointed attorneys were not performing

their "traditional functions as counsel" to Plaintiff in his criminal proceeding.  Rather, Plaintiff takes issue with the quality of representation he received.

Additionally, a private citizen can be held liable for violations of a plaintiff's constitutional rights only if the private citizen was a "'willful participant in joint action with the State or its agents.'"  *Beedle v. Wilson*, 422 F.3d 1059, 1071 (10th Cir. 2005) (*quoting Dennis v. Sparks*, 449 U.S. 24, 27 (1980)).  In this case, Plaintiff has alleged no facts demonstrating that his attorneys willfully participated in a joint action with the State or its agents in violating his constitutional rights.

To the extent that Plaintiff is challenging the constitutionality of his conviction or sentence, his claim must be brought in a habeas action.  *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973) (a federal challenge to the fact of conviction or confinement, or the duration of confinement, is cognizable only under habeas corpus).  This Court should not construe this action as a habeas action, however, because there is no evidence that Plaintiff has exhausted his state court remedies with respect to the fact of his conviction or the duration of his confinement.  Moreover, any such claim would necessarily imply the invalidity of Plaintiff's conviction and, therefore, could not be raised in a § 1983 action unless the conviction had previously been invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) (where a state prisoner brings a claim seeking damages for an allegedly unconstitutional conviction, the claim is not cognizable under § 1983 and must be dismissed unless plaintiff can demonstrate that the conviction has already been invalidated).  Plaintiff has not presented any facts to demonstrate that his conviction has been invalidated.

Moreover, his continued incarceration at OSR is further indication that his conviction has not been invalidated.

In sum, Plaintiff's Complaint against his court-appointed defense attorneys alleging violations of Plaintiff's constitutional rights fails to state a claim upon which relief may be granted, and Plaintiff's action should be dismissed.

## **RECOMMENDATION**

It is recommended that Plaintiff's civil rights action brought pursuant to 42 U.S.C. § 1983 be dismissed pursuant to 28 U.S.C. § 1915A(b)( 1) and 28 U.S.C. § 1915(e)(2)(B)(ii) based on Plaintiff's failure to state a claim upon which relief may be granted. Further, the dismissal should be counted as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g). The dismissal should count as a "prior occasion," however, only after the Plaintiff has exhausted or waived his right to appeal. *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

## **NOTICE OF RIGHT TO OBJECT**

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by March __28th__, 2007. *See* LCvR72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this  8th  day of March, 2007.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE